OPINION
On June 6, 1997, George F. Hatfield, Jr., was indicted on one charge of burglary in violation of R.C. 2911.12, one count of forgery in violation of R.C. 2913.31, and one count of receiving stolen property in violation of R.C. 2913.51. He subsequently entered a guilty plea to a stipulated lesser included offense of burglary as a felony of the third degree. The trial judge ordered a presentence investigation and later imposed community control as a sanction. Mr. Hatfield was ordered to report to a probation officer of the court for intensive supervision, to maintain employment, to pay restitution in the sum of $2,160, and to undergo drug and alcohol treatment/monitoring. Mr. Hatfield received credit for one hundred forty-four days of jail incarceration served before his date of sentencing.
A few months after he was placed in community control, Mr. Hatfield was declared an absconder. He subsequently was rearrested and a new date was set to determine if his community control status should be revoked and a new sentence imposed.
At the new hearing, the fact that Mr. Hatfield had violated the terms of his community control was stipulated. The trial judge then sentenced Mr. Hatfield to three years of incarceration, with two hundred twenty-five days of jail-time credit.
Counsel for Mr. Hatfield has now pursued a direct appeal, assigning a single error for our consideration:
 The sentence imposed by the trial court was contrary to the sentencing criteria contained in R.C. 2929.14.
The state of Ohio has conceded the trial court's error and has asked that the case be remanded for a new sentencing hearing. The state of Ohio is both correct in its concession and its request that the trial court conduct further proceedings. On remand, the trial judge must either order the minimum sentence of one year or must make findings regarding the seriousness of the offense or the inadequacy of the minimum offense to protect the public from future crime.
The sole assignment of error is sustained. The judgment of the trial court is vacated and the cause is remanded for further appropriate proceedings.
Judgment vacated and cause remanded.
PETREE and BROWN, JJ., concur.